quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849 7441**

WRITER'S EMAIL ADDRESS
**manishasheth@quinnemanuel.com**

August 24, 2020

<u>VIA ECF</u>

The Honorable Alison J. Nathan
United States District Court Southern District
of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2102
New York, NY 10007

      Re:    <u>John "Jack" Yang v. The Bank of New York Mellon Corp., et al.</u>,
                Case No. 1:20-cv-03179 (AJN)

Dear Judge Nathan:

      We represent Plaintiff John "Jack" Yang in the above-captioned action, and write in response to Defendants' letter dated August 21, 2020 opposing Plaintiff's request to schedule a Rule 16 initial pre-trial conference. *See* Dkt. No. 33 ("Defendants' Letter Motion").

      Defendants' assertion that an initial conference is premature and unnecessary is without merit. Under the Federal Rules of Civil Procedure, a Rule 16 conference is the first step in the case management of a civil action. The Rule 16 conference triggers important obligations between the parties, such as conducting a Rule 26 conference, where the parties discuss the pretrial schedule, the potential for referral to a magistrate judge, and the potential for settlement. Any disputes between the parties regarding the pretrial schedule and such other matters are generally resolved at the initial conference. *See* Fed. R. Civ. P. 16(c)(1)("Attendance and Matters for Consideration at a Pretrial Conference"). Here, Plaintiff has already provided Defendants with a proposed confidentiality agreement and specifications for electronic discovery. Plaintiff has even proposed limited categories of discovery that can be produced while the motion is pending. Defendants have refused to provide comments on the proposed confidentiality agreement or the e-discovery specifications, and have steadfastly maintained that discovery shall not proceed during the pendency of the motion to dismiss. Defendants' unilateral imposition of a stay is inappropriate.

      Moreover, in this court, discovery is not automatically stayed pending a motion to dismiss. *Usov v. Lazar*, No. 13 CIV. 818 RWS, 2013 WL 3199652, at *9 (S.D.N.Y. June 25, 2013). Rather, Defendants must make a motion to stay discovery. To the extent Defendants' letter is a pre-motion

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

09626-00001/12298702.3

letter pursuant to Local Civil Rule 37.2, Defendants' request to file a motion to stay should be denied. In considering a motion to stay, courts will consider a number of factors including: (1) whether a defendant has made a "strong showing" that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay. *Guiffre v. Maxwell*, No. 15 CIV. 7433 (RWS), 2016 WL 254932, at *1 (S.D.N.Y. Jan. 20, 2016)(denying motion to stay discovery pending motion to dismiss).

*First*, Defendants fail to make the required "strong showing*"* that Mr. Yang's well-plead claims lack merit. Mr. Yang's allegations stem from his objectively reasonable concerns that Alcentra NY's conduct was unethical or illegal. AC ¶¶ 9-12; AC ¶¶ 63-86. Much of Defendants' argument is based on the fact that Mr. Yang did not cite chapter and verse of the particular statute or regulation he thought was being violated when he reported his concerns to BNY Mellon's Counsel. The case law is clear that a whistleblower need not have the encyclopedic knowledge of a securities lawyer to be protected under Sarbanes-Oxley's robust whistleblower retaliation provisions. *Murray v. UBS Sec., LLC*, 2017 WL 1498051, at *9 (S.D.N.Y. Apr. 25, 2017). Thus, Mr. Yang did not need to articulate the *precise* SEC rules, regulations or federal law which he believed were violated. In addition, Defendants have failed to make a "strong showing" that Plaintiff's pendant state law claims lack merit. New York law carves out protections for at-will employees who are terminated in retaliation for raising concerns about conduct they believe to be unethical or illegal. *See Narvate v. Chase Manhattan Bank*, 1998 WL 690059, at *2 (S.D.N.Y. Oct. 2, 1998).

*Second*, the breadth of discovery and the burden of responding to discovery are not onerous. In this case, discovery will be largely focused on Mr. Yang's complaint, Defendants' response, and the events after Mr. Yang's complaint leading up to his termination. Discovery on Mr. Yang's state law claims will largely overlap with the federal claim.

*Third*, there is a risk of unfair prejudice to Plaintiff if discovery were stayed due to fading memories with the passage of time. *See Mirra v. Jordan*, No. 15CV4100ATKNF, 2016 WL 889559, at *3 (S.D.N.Y. Mar. 1, 2016) (unfair prejudice from a stay of discovery because the witnesses' memories are fading with time); *Kirschner v. J.P. Morgan Chase Bank, N.A.*, No. 17 CIV 6334PGGSLC, 2020 WL 230183, at *3 (S.D.N.Y. Jan. 15, 2020) (same). The problem of fading memories is particularly acute with regard to the events involving Mr. Yang's reporting of his concerns in August 2018 and the subsequent retaliatory events.

The cases cited by Defendants in support of their argument that discovery should be stayed are unavailing. In *Ruilova v. 443 Lexington Ave, Inc.*, 2020 U.S. Dist. LEXIS 49078 (S.D.N.Y., Mar. 13, 2020), Defendants raised substantial arguments favoring dismissal, including arguments raising doubts about the court's jurisdiction. *Id.* No such argument exists here. The *Ruilova* court noted that the case had already been on an extended discovery schedule and discovery as to two of the defendants could proceed even if there was a partial stay, which reduced the prejudice to plaintiff. Likewise, Defendants' citation to *Spencer Trask Software and Information Servs., LLC v. Rpost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) is inapposite. There, the court made a determination that discovery would threaten negotiations for a new business venture and in any event the court intended to "decide the motion expeditiously." *Id.*

3

      Because Defendants will not be able to establish the factors required for a stay, Plaintiff respectfully requests that the Court schedule the initial conference to allow the case to proceed while the motion to dismiss is under consideration. Thank you for Your Honor's consideration of this submission.

                                         Respectfully submitted,

                                         */s/ Manisha M. Sheth*
                                         Manisha M. Sheth

Cc:    W. John Lee, Esq.
        Counsel for Defendants

09626-00001/12298702.3