**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7441**

WRITER'S EMAIL ADDRESS
manishasheth@quinnemanuel.com

September 11, 2020

<u>VIA ECF</u>

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2102
New York, NY 10007

   Re: **Proposed Civil Case Management Plan:  Case No. 1:20-cv-03179**

Dear Judge Nathan:

  In accordance with the Court's September 8, 2020 Order scheduling an Initial Pretrial Conference for September 18, 2020, the parties jointly submit this letter to provide the information requested by the Court in connection with this action brought by Plaintiff John ("Jack") Yang against Defendants The Bank of New York Mellon Corporation ("BNY Mellon"), Alcentra NY, LLC, and Alcentra Limited (Alcentra NY together with Alcentra Limited, "Alcentra").

  As an initial matter, Defendant's counsel has a conflict September 18, 2020 from 3:30 p.m. – 4:30 p.m.  Defendants respectfully request that the conference be rescheduled to anytime between 12 – 1:30 p.m. or 2:30 – 3:30 p.m. on September 18, or on another day if that is more convenient for the Court.  Plaintiff does not object to Defendants' request to reschedule the conference given their counsel's conflict, but we note that Plaintiff's counsel is not available from 1:30-2:30 p.m. on September 18 due to another court conference.  Defendants will file a letter-motion with the Court containing this request, consistent with the Court's Individual Practices in Civil Cases.

  The parties have met and conferred regarding a proposed Civil Case Management Plan and Scheduling Order (the "Proposed Order") to be entered in the event that the Court does not grant Defendants' letter application for a stay, which has been opposed by Plaintiff.  Plaintiff submits the enclosed Proposed Order with proposed dates that comply with the time frames set forth in the Court's form Civil Case Management Plan and Scheduling Order.

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

Given that Defendants' request for a stay of discovery is pending, Defendants submit that the dates for discovery deadlines set forth in Paragraphs 6-9 of the Proposed Order should be as follows:

- Paragraph 6: initial disclosures exchanged no later than 5 days after either the Court denies Defendants' request for a stay or, if the Court grants the stay, after the stay is lifted;

- Paragraph 7: fact discovery to be completed no later than 120 days after either the Court denies Defendants' request for a stay or, if the Court grants the stay, after the stay is lifted;

- Paragraph 8:

    o (a) initial requests for production of documents shall be served no later than 14 days after either the Court denies Defendants' request for a stay or, if the Court grants the stay, after the stay is lifted.

    o (b) interrogatories shall be served no later than 30 days before the close of fact discovery.

    o (c) depositions shall be completed before the close of fact discovery.

    o (d) requests to admit shall be served no later than 30 days before the close of fact discovery.

- Paragraph 9: expert discovery, including disclosure of expert reports, production of underlying documents, and depositions shall be completed no later than 45 days after the close of fact discovery.

1. **Statement of the Nature of the Action and Defenses**

This is an action for violations of Section 806 of the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A ("Sarbanes-Oxley"), breach of contract, and, in the alternative, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and *quantum meruit*.

   a. Plaintiff's Description

Mr. Yang is a senior executive in the banking industry who worked for Defendants from March 2013 to January 2019. Mr. Yang has alleged that Defendants subjected Mr. Yang to a hostile work environment and ultimately terminated him in retaliation for his good-faith reporting to in-house counsel and management of actions that he reasonably believed constituted imminent violations involving Alcentra NY, a registered investment adviser. Mr. Yang has further alleged that, upon his termination, Defendants failed to pay Mr. Yang compensation owed to him, in violation of their contracts with him, and in further retaliation for his protected activity under

Sarbanes-Oxley. Accordingly, Plaintiff brings this Action to vindicate his rights as a whistleblower and to recover millions of dollars in compensation.

Specifically, starting in mid-2018, Defendants retaliated against Mr. Yang after he raised concerns about the legality of Defendants' asset management practices. At the time, Mr. Yang was the Head of the Americas for Alcentra NY, an investment adviser and wholly-owned subsidiary of BNY Mellon. Alcentra NY was serving as a subadvisor to the Stira Alcentra Global Credit Fund (the "Stira Fund"), an interval fund registered under the Investment Company Act of 1940, and was responsible for, among other things, managing the investment portfolio and keeping the Stira Fund and the fund's advisor informed about the Fund. In August 2018, members of Alcentra's management committee issued a directive that Alcentra NY immediately and unilaterally cease its subadvisor services to the Stira Fund. Mr. Yang was reasonably concerned that Alcentra NY's unilateral and immediate cessation of its subadvisor services for the Stira Fund would violate Section 206 of the Investment Advisors Act of 1940 by breaching Alcentra NY's non-waivable fiduciary duties of care and loyalty; would violate Rule 206(4)-8 by rendering statements made to Stira Fund's investors regarding the fund's investment strategy and Alcentra NY's advisory operations materially misleading; and would subject Alcentra NY (and the Stira Fund) to regulatory penalties under 15 U.S.C. § 80b-3(e) for inducing or procuring a violation of the Securities Exchange Act of 1933 provisions requiring the Stira Fund's prospectus to be amended or supplemented to reflect material post-effective developments.

To ensure that Alcentra NY would not breach these obligations and duties, Mr. Yang reported his concerns to BNY Mellon's Counsel for the Stira Fund and the Head of U.S. Compliance at Alcentra NY. As a result of Mr. Yang's reporting, BNY Mellon Counsel for the Stira Fund instructed members of the management committee that Alcentra NY would continue in its role as sub-advisor to the Stira Fund. Consequently, Alcentra NY refrained from formally resigning as subadvisor to the Stira Fund in August 2018, although Alcentra NY constructively resigned from its duties when it stopped implementing the investment strategy for the interval fund as described in the Stira Fund's prospectus. Specifically, Alcentra NY attempted to buy back the only two directly originated loans already in the fund and, despite Stira Advisor's request for additional loans and the investment strategy disclosed in the prospectus, Alcentra NY decided to no longer place any additional loans in the Stira Fund.

Defendants retaliated against Mr. Yang as a result of his reporting. *First*, Alcentra's CEO, to whom Mr. Yang reported and who issued the directive, treated Mr. Yang in a hostile and unprofessional manner, including by yelling at Mr. Yang in group meetings, ignoring significant emails that required a timely response, and declining to give Mr. Yang a required 2018 year-end review. *Second*, after Mr. Yang was terminated, he learned that Alcentra's CEO had assigned him a "Below-Expectations" rating for 2018—in marked contrast to his prior five years with Defendants, in which Mr. Yang had consistently received ratings of "Exceeded Expectations" or "Achieved Expectations" and been praised for his work ethic, efforts, and positive results secured. Alcentra's CEO based the rating on alleged violations of BNY Mellon's email policy, but this was transparent pretext to further retaliate against Mr. Yang, as the emails in question were entirely inconsequential and were not intended to, nor caused, harm to Defendants. *Third*, using the "Below Expectations" rating, Defendants lowered Mr. Yang's 2018 annual incentive compensation by 80%, which they have since withheld. *Finally*, in a final act of retaliation, in

January 2019, Defendants terminated Mr. Yang, again based on the purported email policy violations.

Defendants have failed to pay Mr. Yang compensation owed to him, including in violation of certain contracts granting him stock options and units that would have vested but for Defendants' unlawful retaliation and termination and which Defendants themselves have valued as at least $4.2 million. Pursuant to Section 806 of Sarbanes Oxley, Mr. Yang also seeks back pay of at least $4.2 million, front pay in excess of $7 million, special damages, and attorneys' fees and costs.

Defendants have moved to dismiss this action, and sought to stay discovery pending resolution of their motion. Defendants have failed to articulate colorable attacks on the merits of Mr. Yang's claims, for the reasons set forth in Mr. Yang's oppositions to these applications, Dkt. Nos. 29 & 34. Namely, Defendants' motion to dismiss relies upon misstatements of the applicable standards for whistleblower protections—which are liberal by design—and misstatements of Mr. Yang's allegations—which, at their core, stem from his objectively reasonable concerns that Alcentra NY's conduct was unethical or illegal. For example, while Defendants fixate on Mr. Yang's perceived failure to cite chapter and verse of the particular statute or regulation he thought was being violated when he reported his concerns to BNY Mellon's Counsel, Defendants ignore legal authority that a whistleblower need not do so in order to be protected under Sarbanes-Oxley's robust whistleblower retaliation provisions. While Defendants attempt to minimize Mr. Yang's genuine concerns about Alcentra NY's attempted withdrawal as a sub-adviser from the Stira Fund as merely a protest about the timing of the withdrawal or as merely implicating contractual issues (rather than fraud), Defendants ignore Mr. Yang's allegations that his reporting was triggered by concerns about Alcentra NY's unethical or illegal conduct in knowingly abdicating its fiduciary duties to shield itself from financial losses, which is legally sufficient to constitute a whistleblower's "protected activity." Similarly, Defendants' arguments regarding Mr. Yang's state law claims ignores that New York law carves out protections for at-will employees who are wrongfully terminated in retaliation for raising concerns about conduct they believe to be unethical or illegal.

    b. <u>Defendants' Description</u>

Defendants deny that they unlawfully retaliated against Plaintiff in violation of SOX and further deny that Plaintiff has viable contract or quasi-contract claims. Accordingly, Defendants moved to dismiss the Complaint in its entirety under Rule 12(b)(6). Plaintiff filed an Amended Complaint in response to this motion, but the amendments failed to cure the legal defects in Plaintiff's claims. Thus, Defendants filed a motion to dismiss the Amended Complaint, which motion is fully briefed and pending before the Court.

As demonstrated in Defendants' pending motion to dismiss, Plaintiff has not alleged facts suggesting he engaged in protected activity under SOX. The conduct about which Plaintiff complained Alcentra NY's planned withdrawal from its role as sub-advisor to the Stira Fund – implicates only contractual issues rather than fraudulent conduct or a violation of any rule or regulation of the SEC. Thus, Plaintiff's SOX claim fails as a matter of law.

4

Plaintiff's breach of contract and quasi-contract claims are derivative of his SOX claim and fail for the same reasons that his SOX claims fail. In particular, he argues that the Court should disregard the plain terms of the underlying documents, and find that he is entitled to recover certain unvested, discretionary incentive awards if it finds that Defendants violated SOX by terminating his employment. Ultimately, there is no authority to convert this SOX claim into a breach of contract or quasi-contract claim and, even if there were, his contract and quasi-contract claims fail for the same reasons that his SOX claim fails.

Defendants reserve the right to raise additional defenses if the Court denies its Motion to Dismiss when Defendants file an Answer.

2. **Jurisdiction and Venue**

Mr. Yang brings this action in this Court on the basis of subject matter jurisdiction under 18 U.S.C. § 1514(A)(b)(1)(B), the whistleblower protection provisions of Sarbanes-Oxley, and 28 U.S. § 1331. This Court has supplemental jurisdiction over Mr. Yang's state law claims pursuant to 28 U.S.C. § 1367(a) because they are so related to Mr. Yang's Sarbanes-Oxley Act claim within the Court's original jurisdiction that they form part of the same case or controversy. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Mr. Yang's claims occurred in this District; Defendants BNY Mellon Corporation and Alcentra NY are residents of this District; and Mr. Yang, Alcentra NY, and Alcentra Limited agreed in a forum selection clause to adjudicate disputes in this District.

3. **Outstanding Motion**

On July 27, 2020, Defendants moved to dismiss Plaintiff's First Amended Complaint, Dkt. No. 27. Plaintiff opposed Defendants' motion on August 10, 2020, Dkt. No. 29. Defendants replied on August 17, 2020, Dkt. No. 31. The motion has been fully briefed.

4. **Discovery**

On August 19, 2020, Plaintiff provided Defendants with a proposed Stipulation of Confidentiality and Protective Order and a proposed Stipulated Protocol Governing Discovery Matters Relating to Electronically Stored Information.

On August 19, 2020, Plaintiff filed a letter requesting that the Court schedule an initial pretrial conference so that discovery may proceed, Dkt. No. 32. On August 21, 2020, Defendants filed a letter requesting that the Court stay discovery until the Motion to Dismiss is decided, Dkt. No. 33. On August 24, 2020, Plaintiff filed a reply letter opposing the stay request, Dkt. No. 34. On September 8, 2020, the Court entered an Order scheduling an Initial Pretrial Conference, which stated that "[a]t this conference, the Court will rule upon Defendants' request for a stay of discovery," Dkt. No. 35.

In the event that the Court does not enter a stay, the parties will commence discovery following the Initial Pretrial Conference.

It is Mr. Yang's position that to engage in meaningful settlement discussions, he would require discovery regarding: (i) the August 2018 Alcentra management committee directive (including meeting minutes from the August 2018 Alcentra management committee meeting, related correspondence, and documents regarding Mr. Yang's reporting); (ii) Defendants' evaluations of Mr. Yang's performance, including when and how they were prepared and shared with Mr. Yang and any contemporaneous records reflecting the basis for the evaluations (including evaluation records and, for 2018, related correspondence and calendar invitations); (iii) Defendants' termination of Mr. Yang's employment and any investigations conducted in connection with same; and (iv) fund performance reports for those funds in which Mr. Yang was granted options and units.

Defendants do not believe discovery is necessary to enable the parties to evaluate their respective settlement positions. During the prior settlement discussions referenced below, Defendants provided certain information and documents to Plaintiffs to facilitate settlement discussions and explained to Plaintiff's counsel that certain documents sought do not exist and others are privileged.

**5. Prior Settlement Discussions**

Prior to filing this action, the parties engaged in two rounds of settlement discussions.

*First*, between April and September 2019, Jonathan Ben-Asher, of Ritz Clark & Ben-Asher LLP, co-counsel for Plaintiff, engaged in settlement discussions with the Bank of New York Mellon's in-house counsel, Elizabeth Windsor. In addition to exchanging numerous emails, Mr. Ben-Asher and Ms. Windsor spoke approximately two times, including on February 4, 2019 (for approximately 30 minutes) and on August 7, 2019 (for approximately 15 minutes).

*Second*, between January 2019 and April 2020, Manisha M. Sheth, of Quinn Emanuel Urquhart & Sullivan, LLP, on behalf of Mr. Yang, engaged in settlement discussions with W. John Lee, of Morgan, Lewis & Bockius LLP, counsel for Defendants. In addition to exchanging numerous emails, Ms. Sheth and Mr. Lee spoke approximately five times, including on January 21, 2020 (for approximately .2 of an hour); March 27, 2020 (joined by Peter Calamari, Kimberly Carson, and Caitlin Jokubaitis of Quinn Emanuel, Mr. Ben-Asher, and David McManus and Shannon Ammon of Morgan Lewis) (.6); April 14, 2020 (.6); April 16, 2020 (.6); and April 20, 2020 for (.1).

In addition, in accordance with the Court's Order scheduling an Initial Pretrial Conference, the parties discussed settlement during the Rule 26(f) Conference on September 10, 2020, via Ms. Sheth (joined by Ms. Carson and Meredith Mandell of Quinn Emanuel) and Mr. Lee (joined by Ms. Ammon of Morgan Lewis) which lasted approximately 20 minutes.

**6. Estimated Length of Trial**

The parties estimate a four-day-long trial. Plaintiff has requested a jury be empaneled.

7. **<u>Additional Considerations for the Court</u>**

Prior to providing any discovery, the parties will request that the Court enter a proposed Stipulation of Confidentiality and Protective Order and a proposed Stipulated Protocol Governing Discovery Matters Relating to Electronically Stored Information.

Thank you for Your Honor's consideration of this submission.

| Respectfully Submitted, | Respectfully Submitted, |
|---|---|
| */s/Manisha M. Sheth* | */s/ W. John Lee* |
| Peter E. Calamari | W. John Lee |
| Manisha M. Sheth | Morgan, Lewis & Bockius LLP |
| Kimberly E. Carson | 1701 Market Street |
| Meredith R. Mandell | Philadelphia, PA 19103 |
| Quinn Emanuel Urquhart & Sullivan, LLP | 215-963-5000 |
| 51 Madison Avenue, 22 Floor | w.john.lee@morganlewis.com |
| New York, New York 10010 | |
| (212) 849-7000 | *Attorney for Defendants The Bank of New York Mellon Corporation, Alcentra NY, LLC, and Alcentra Limited* |
| petercalamari@quinnemanuel.com | |
| manishasheth@quinnemanuel.com | |
| kimberlycarson@quinnemanuel.com | |
| meredithmandell@quinnemanuel.com | |

*Attorneys for Plaintiff John ("Jack") Yang*

Enclosure:     Proposed Case Management Plan