UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

John "Jack" Yang,

                Plaintiff,

      –v–

The Bank of New York Mellon Corporation, *et al.*,

                Defendants.

20-cv-3179 (AJN)

ORDER

      In April 2020, Plaintiff filed this action under the Sarbanes-Oxley Act. Dkt. No. 1. Defendants subsequently moved to dismiss Plaintiff's amended complaint. Dkt. No. 27. Defendants request at stay of discovery pending the resolution of its motion. Dkt. No. 33. At the initial pretrial conference held on September 25, 2020, the parties indicated they were pursuing mediation and therefore the Court declined to enter a Case Management Plan at that time and instructed the parties to submit a status letter stating whether mediation efforts would continue or whether the Court should rule on Defendant's request. Dkt. No. 39. The parties submitted a letter explaining that the mediation had been unsuccessful and asking the Court to resolve Defendants' stay request. Dkt. No. 42. After considering the arguments raised in Defendants' August 21, 2020 letter, Dkt. No. 33, the Court denies Defendants' request for a stay of discovery pending the resolution of its motion to dismiss.

      "A district court has discretion to stay discovery pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, upon a showing of good cause." *Mirra v. Jordan*, No. 15-cv-4100(AT) (KNF), 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016) (citing *Hong Leong Finance Limited v. Pinnacle Performance Limited*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013)). Courts typically consider

"the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (quotation omitted). "The party seeking a stay of discovery bears the burden of showing good cause. The pendency of a dispositive motion is not, in itself, an automatic ground for a stay." *Mirra*, 2016 WL 889559, at *2

The Court concludes that Defendants have not met their burden of showing that a stay is warranted. Defendants do not mention any of the three factors relevant to this inquiry or substantively justify their request for a stay. They rely only on the conclusory argument that "[c]ourts routinely stay discovery pending a ruling on a motion to dismiss . . ." Dkt. No. 33 at 2. To the contrary, it is well established in this district that filing a dispositive motion does not automatically entitle a party to a stay of discovery. *Mirra*, 2016 WL 889559, at *2; *see also Usov v. Lazar*, No. 13-cv-818 (RWS), 2013 WL 3199652, at *8 (S.D.N.Y. June 25, 2013) (noting that "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed" (cleaned up)).

Plaintiff contends that the breadth of discovery and the burden of responding to discovery in this case are not onerous. Dkt. No. 34 at 2. Though the Court has not been provided with the particulars of discovery in this matter, the Court agrees that at this juncture, it appears that discovery in this case will narrowly focus on Defendants' treatment of a single employee. Dkt. No. 34 at 2. Defendants also have not put forward anything to suggest that this will be a "a complex, document-rich case, could lead to unnecessary expenditures of time and resources." *Buffalo Emergency Assocs., LLP v. Unitedhealth Grp., Inc.*, No. 19-CV-1148S, 2020 WL 3259252, at *1 (W.D.N.Y. June 16, 2020). Moreover, Plaintiff contends, and Defendants do not

put forward any argument to the contrary, that "there is a risk of unfair prejudice to Plaintiff if discovery were stayed due to fading memories with the passage of time." *Id.*  The Court agrees that if this case proceeds to discovery, testimonial evidence will play an important role, and thus Plaintiff could be prejudiced by a stay.  To be sure, Defendants have made numerous arguments favoring dismissal.  *See Hong Leong Fin. Ltd*, 297 F.R.D. at 72 (quotation omitted).  But this does not overcome their failure to satisfy—or even attempt to satisfy—their burden on the other two factors.

The Court thus concludes that a stay of discovery is not warranted.  This resolves Docket Number 33.  The parties are instructed to submit either a joint status letter indicating whether the they agree to the schedule set out in their initial proposed Case Management Plan or a new proposed Case Management Plan.

SO ORDERED.

Dated: November 9, 2020
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

Part I