# quinn emanuel trial lawyers | new york, ny

51 Madison Avenue, 22nd Floor | New York, NY 10010 | TEL (212) 849-7441 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7441**

WRITER'S EMAIL ADDRESS
manishasheth@quinnemanuel.com

December 7, 2020

<u>VIA ECF</u>

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2102
New York, NY 10007



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/9/2020

    Re:    *John "Jack" Yang v. The Bank of New York Mellon Corp., et al.*,
              Case No. 1:20-cv-03179 (AJN)

Dear Judge Nathan:

    We respectfully submit the attached proposed Stipulation of Confidentiality and Protective Order (hereafter, the "Protective Order") on behalf of all parties.

    Thank you for Your Honor's consideration of this submission.

                                          Respectfully submitted,

                                          */s/ Manisha M. Sheth*
                                          Manisha M. Sheth

cc:    Counsel of Record for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN ("JACK") YANG,

           Plaintiff,

-against-

THE BANK OF NEW YORK MELLON
CORPORATION, ALCENTRA NY, LLC,
and ALCENTRA LIMITED,

           Defendants.

Case No. 1:20-cv-03179

**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**

    WHEREAS Plaintiff John ("Jack") Yang and Defendants The Bank of New York Mellon Corporation, Alcentra NY, LLC, and Alcentra Limited (collectively, "Defendants," and together with Plaintiff, the "Parties") in the above-captioned action request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of non-public and competitively sensitive information that they may need to disclose in connection with discovery in this action;

    WHEREAS the Parties have conferred in good faith and have agreed upon the terms of this Stipulation;

    WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

    IT IS HEREBY ORDERED that any person subject to this Stipulation—including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties

1

providing discovery in this action, and all other interested persons with actual or constructive notice of this Stipulation—will adhere to the following terms, upon pain of contempt:

1. The Parties to this litigation and any third-party shall have the right to designate as "Confidential" any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales, or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Any Party to this litigation or any third party covered by this Stipulation, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL –SUBJECT TO CONFIDENTIALITY AND PROTECTIVE ORDER" (hereinafter "Confidential").

2. Any Party to this litigation and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Stipulation any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any Party to this litigation or any third party who is covered by this Stipulation, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar

legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO CONFIDENTIALITY AND PROTECTIVE ORDER" (hereinafter, "Attorneys' Eyes Only").

  3.  If a Party prints a document produced to it in native form, then the Party must notate the appropriate designation (i.e. "Confidential" or "Attorneys' Eyes Only") on the document.

  4.  All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 5, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court.

  5.  Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

  (a)  The Parties to this action;

  (b)  The attorneys of record for the parties in this matter, namely Quinn Emanuel Urquhart & Sullivan LLP, and Ritz Clark & Ben-Asher, LLP attorneys for Plaintiff, and Morgan Lewis & Bockius LLP, attorneys for Defendants; and any other attorney in their respective firms working on this matter.

  (c)  Any litigation assistant, paralegal, stenographic, secretarial or clerical personnel in their respective law firms, assisting the above-named counsel in this action;

(d) This Court, including any appellate court, its support personnel, and court reporters;

(e) Outside experts or consultants retained by counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

(f) Outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(g) Case evaluators, facilitators and/or mediators as assigned by the court or mutually agreed upon by the parties;

(h) Any person from whom testimony is taken or to be taken at a deposition who (i) is noticed or subpoenaed for deposition by one party, can be shown Confidential material by the other party, or (2) was identified in the parties' Initial Disclosures;

(i) As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy; and

(j) Any other person agreed to in writing by the parties.

6. Except for the individuals described in Paragraph 5(a) through (g), no other person permitted access under this Stipulation shall be granted such access to Confidential material until that person has read this Stipulation and shall have agreed in writing to be bound by the terms and conditions set forth herein and signed a non-disclosure agreement in the form attached hereto as Exhibit A, except where further disclosure of the Confidential Discovery Material is required by law or by order of a court of competent jurisdiction.

4

7. With respect to any depositions that involve a disclosure of Confidential material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 5(b), (c), (d), (e), and (f) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 5(b), (c), (d), (e), and (f) above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 2 and 5.

8. Material produced and marked as Attorneys' Eyes Only may be disclosed only to the individuals described in paragraphs 5(c), 5(e), 5(f) and 5(i), and to such other persons as counsel for the producing party agrees in advance or as Ordered by the Court.

9. If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within fourteen (14) days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged

5

designation will be deemed void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute. If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 2(C) of this Court's Individual Practices.

10. If the need arises during trial or at any Hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only information, it may do so only after giving notice to the producing party and as directed by the Court.

11. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Stipulation.

12. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure

26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege or work product immunity if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

13. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Stipulation.

14. Nothing in this Stipulation will prevent any party to this litigation or third-party from producing any Confidential material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the producing party as soon as reasonably possible, and if permitted by the time allowed under the request, at least ten (10) days before any such disclosure. Upon receiving such notice, the producing party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing party deems it appropriate to do so.

15. Each person who has access to Confidential material must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

16. Within sixty (60) days of the final disposition of this action—including all appeals—all recipients of Confidential material must either return it—including all copies thereof—to the party that so designated the material, or, upon permission of the originating

source, destroy such material—including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the designating party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential material. Notwithstanding this provision, counsel for the parties in this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential material. Any such archival copies that contain or constitute Confidential material remain subject to this Stipulation.

17. Nothing contained in this Stipulation will be construed as: (a) a waiver by a party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

18. Nothing in this Stipulation alters the parties' obligations to comply with this Court's Individual Practices regarding requests for redaction or sealing.

19. This Stipulation will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential material is produced or disclosed.

20. This Court will retain jurisdiction over all persons subject to this Stipulation to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

| | |
|---|---|
| Stipulated and agreed this 7th day of December, 2020 by and between: | /s/ Manisha M. Sheth<br>Peter E. Calamari<br>Manisha M. Sheth<br>Kimberly E. Carson<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>(212) 849-7000<br>petercalamari@quinnemanuel.com<br>manishasheth@quinnemanuel.com<br>kimberlycarson@quinnemanuel.com<br><br>/s/ *Jonathan Ben-Asher*<br>Jonathan Ben-Asher<br>Ritz Clark & Ben-Asher LLP<br>One Liberty Plaza<br>165 Broadway, 23rd Floor<br>New York, NY 10006<br><br>*Attorneys for Plaintiff John ("Jack") Yang*<br><br>/s/ W. John Lee<br>Michael L. Banks<br>W. John Lee<br>Shannon L.C. Ammon<br>Morgan, Lewis & Bockius LLP<br>1701 Market Street<br>Philadelphia, PA 19103<br>215-963-5000<br>michaelbanks@morganlewis.com<br>w.john.lee@morganlewis.com<br>shannon.ammon@morganlewis.com<br><br>*Attorneys for Defendants The Bank of New York Mellon Corporation, Alcentra NY, LLC, and Alcentra Limited* |

SO ORDERED:

_____  12/9/2020
THE HON. ALISON J. NATHAN
U.S.D.J.

9

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN ("JACK") YANG,<br><br>   Plaintiff,<br><br>-against-<br><br>THE BANK OF NEW YORK MELLON CORPORATION, ALCENTRA NY, LLC, and ALCENTRA LIMITED,<br><br>   Defendants. | Case No. 1:20-cv-03179<br><br>**AGREEMENT TO BE BOUND BY CONFIDENTIALITY AND PROTECTIVE ORDER** |

  I, _____, being duly sworn, state that:

  1. My address is _____.

  2. My present employer is _____ and the address of my present employment is _____.

  3. My present occupation or job description is _____.

  4. I have carefully read and understood the provisions of the Confidentiality and Protective Order in this case signed by the Court, and I will comply with all provisions of the Confidentiality and Protective Order.

  5. I will hold in confidence and not disclose to anyone not qualified under the Confidentiality and Protective Order any Confidential Material or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

  6. I will limit use of Confidential Material disclosed to me solely for purpose of this action.

10

7. No later than the final conclusion of the case, I will return all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____  _____
                                                    [Name]