**quinn emanuel** trial lawyers | new york, ny

51 Madison Avenue. 22nd Floor | New York, NY  10010 | TEL (212) 849-7441 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7441**

WRITER'S EMAIL ADDRESS
**manishasheth@quinnemanuel.com**

April 5, 2021

<u>VIA ECF</u>

The Honorable Ona T. Wang
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 20D
New York, NY 10007

   Re: *John "Jack" Yang v. The Bank of New York Mellon Corp., et al.*,
      Case No. 1:20-cv-03179 (AJN)
      Jointly Submitted Agenda for Status Conference

Dear Judge Wang:

  On behalf of the parties jointly, pursuant to Your Honor's Individual Practices Section II(e), we submit this proposed agenda in advance of the upcoming April 8, 2021 Status Conference.

  **Case Schedule**

  Plaintiff requests that the Court set interim deadlines, in addition to and consistent with the deadlines currently in place for completion of fact and expert discovery, to ensure that Defendants progress through the rest of the discovery process in a timely manner.  Plaintiff proposes that interim deadlines be set for: (1) the parties to meet and confer to develop a deposition plan; (2) substantial completion of the parties' document productions; (3) exchange of privilege logs; (4) reasonable, good-faith efforts to complete the meet and confer process regarding any deficiencies in the parties' productions and privilege logs; (5) the parties to identify any affirmative expert witnesses, including the curriculum vitae of the expert and a summary of the general subject matter(s) on which the expert will testify; (6) the parties to provide any opening expert report(s); and (7) the parties to provide any rebuttal expert reports.  After several months of negotiations, Plaintiff believes that the parties are at an impasse regarding disputes concerning Defendants' search protocol and Defendants' responses to Plaintiff's discovery requests that require the Court's intervention (as noted below).  For this reason, Plaintiff omits interim deadlines regarding the resolution of search protocol and discovery response deficiencies.

quinn emanuel urquhart & sullivan

BOSTON | BRUSSELS | CHICAGO | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MUNICH | NEW YORK | PARIS | PERTH | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, D.C. | ZURICH

Defendants agree that setting interim deadlines will ensure that the parties' *jointly* proceed through discovery in a timely manner, but have a different proposal. The parties have been negotiating search terms for ESI discovery for the past two and a half months, which discussions are continuing to date. Thus, Defendants propose interim deadlines in the following sequential order: (1) the parties to finalize ESI search terms and other concerns regarding document requests; (2) the parties to complete document productions and exchange privilege logs, (3) conference with the Court to resolve outstanding issues regarding document requests and productions, if any; (4) the parties to meet and confer to resolve any outstanding issues regarding interrogatories and/or requests for admission; and (5) the parties to meet and confer to develop a deposition plan. Given that many of the parties' current disputes relate to the parties' document productions, it is essential that the parties address and finalize issues related to document requests first.

### Discovery From Defendants

Plaintiff asks to address several deficiencies in discovery from Defendants requiring Your Honor's intervention at the Status Conference. These deficiencies include issues in Defendants' search protocol, responses to Plaintiff's document requests, responses to Plaintiff's interrogatories, responses to Plaintiff's requests for admission, and responses to Plaintiff's Rule 30(b)(6) notices. Specifically, Plaintiff requests to discuss: (1) proposed searches requested by Plaintiff that Defendants have declined to run; (2) categories of documents requested by Plaintiff that Defendants have declined to produce; (3) interrogatories issued by Plaintiff that Defendants have declined to provide substantive information in response to or produce documents sufficient to show the information requested; (4) requests for admission issued by Plaintiff that Defendants have denied or cited documents in response that they have not produced; and (5) Rule 30(b)(6) topics served by Plaintiff that Defendants have declined to produce witnesses on, in whole or in part. The parties have exchanged correspondence on these issues, which have notified Defendants of Plaintiff's positions. The parties met and conferred by telephone regarding certain of these issues on February 18 and 22, 2021, but were unable to resolve disputes regarding the scope of discovery from Defendants. The parties plan to meet and confer on all remaining issues on April 6, 2021, after which Plaintiff will file a letter pursuant to Your Honor's Individual Practices Section II(d) by end of day. Defendants were unavailable to meet and confer regarding discovery issues last week, as requested by Plaintiff. Plaintiff believes these issues are ripe for discussion with the Court and wish to avoid delay to the progress of discovery.

### Discovery From Plaintiff

Defendants believe that it is premature at this time to raise the substance of any discovery disputes with the Court. The parties are still negotiating ESI search terms, and have not completed document productions. As of today, Plaintiff has not articulated to Defendants which particular issues they intend to raise with the Court, and the parties have a meet and confer call scheduled for tomorrow morning. As it relates to the parties' interrogatory responses, both parties' current responses rely on Local Rule 33.3, so it is premature to discuss such responses until the parties supplement their interrogatory responses once document productions are complete. The parties also continue to meet and confer on deficiencies in Plaintiff's responses to Defendants' discovery requests. Defendants will continue to work with Plaintiff's counsel to narrow the areas of dispute, but reserve the right to file a letter-motion requesting a pre-motion conference in accordance with Your Honor's Individual Practices in Civil Cases.

Thank you for Your Honor's consideration of this proposed agenda.

Respectfully submitted,

*/s/ Manisha M. Sheth*

Manisha M. Sheth

cc: Counsel of Record for Defendants