**MEMO ENDORSED**

May 7, 2021

**VIA ECF**

The Honorable Ona T. Wang
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 20D
New York, NY 10007

> Thank you for the update. The parties shall continue to meet and confer regarding discovery. The next joint status letter is due **June 11, 2021**.
>
> **SO ORDERED.**
>
> _____
> Ona T. Wang          5/11/21
> U.S.M.J.

Re:   *John "Jack" Yang v. The Bank of New York Mellon Corp., et al.*,
      Case No. 1:20-cv-03179 (AJN) - Joint Status Update

Dear Judge Wang:

Pursuant to Your Honor's instructions at the April 8, 2021 Status Conference, we write on behalf of Plaintiff and Defendants to provide a joint status update regarding discovery. The parties respectfully request a conference with the Court to discuss outstanding discovery disputes.

   A.  **Search Protocol**

**Plaintiff's Searches**:  In early 2021, Plaintiff ran the searches requested by Defendants, as agreed among the parties, and reviewed approximately 2,209 documents. There are no pending search requests from Defendants.

**Defendants' Searches**:  On April 16, subject to their objections, Defendants provided Plaintiff with a hit report of the 14 proposed ESI searches in Appendix A of Plaintiff's April 7, 2021 letter-motion (Dkt. No. 54) ("Plaintiff's Searches"). The hit report totaled 43,145 emails plus 63,244 attachments (not de-duplicated or threaded).[1] Defendants rejected Plaintiff's Searches, citing hit count. On April 20, Plaintiff proposed revisions to 2 of the 14 Plaintiff's Searches; stated it was willing to consider a compromise as to 4 of Plaintiff's Searches and requested further information regarding false or duplicative hits and/or more detailed hit data to facilitate same; and requested that Defendants agree to review the results of the remaining 8 Plaintiff's Searches. On May 4, Defendants provided Plaintiff with an updated hit report for Plaintiff's Searches that incorporated the 2 revisions proposed on April 20. These results, which were now de-duped against Defendants' Searches currently under review, resulted in a total of 87,472 hits (with families), totaling 60.79 GB. Of the 13 searches that generated hits (the 14th generated zero hits), Defendants agreed to review and produce non-privileged, responsive documents from 6 of the searches and from 1 additional search in part, which collectively totals 1,815 hits (plus families); and requested that Plaintiff modify the remaining 6 searches. On May 6, Plaintiff responded with requests for additional information and additional modifications to the 6 outstanding searches (and 7th that Defendants are agreeing to run only in part). Defendants anticipate providing updated hit reports and their positions on these searches next week.

---

[1]  Defendants' documents include Plaintiff's work email account, as he is a former employee of Defendants and no longer has access to that account.

The parties may require the Court's assistance in resolving any remaining disputes regarding Plaintiff's Searches.

### B. Production Status

**Plaintiff's Productions:** On February 12, Plaintiff produced 179 documents (0.140 GB). It is Plaintiff's position that its production is substantially completed.

**Defendants' Productions:** Prior to the Status Conference, Defendants produced 137 items (approximately 0.09 GB total). After the Status Conference, on April 16, Defendants produced 77 items (approximately 0.09 GB). Defendants are currently processing a production of approximately 500 items (size to be determined at time of production) that will be available by May 10. In addition, Defendants have approximately 500 documents left from the results of Defendants' Searches to review and/or log for privilege. Defendants will provide this production and/or a log outlining the privileged communications from August 2018 by the end of May. Separately, Defendants have additional documents left to produce (volume to be determined but likely substantial based on the above hits) and/or log from Plaintiff's Searches and proposed manual collections. Plaintiff requests that Defendants substantially complete their production by the end of June and provide their final privilege log by early July. Defendants will not commit to deadlines for substantial completion or their final privilege log (or to other interim discovery deadlines proposed by Plaintiff).

### C. Other Discovery Categories

**Plaintiff's Discovery:** In March, the parties met and conferred regarding Plaintiff's responses to Defendants' discovery requests. It is Defendants' position that they plan to ask Plaintiff to meet and confer regarding Plaintiff's responses to Defendants' discovery requests including: (1) Plaintiff's refusal to produce medical records and related information (Request No. 17; Interrogatory No. 6); and (2) Plaintiff's production. It is Plaintiff's position that additional discovery regarding his medical history is objectionable and he does not know what other issues regarding "Plaintiff's production" Defendants are referring to. **Defendants disgree.**

Defendants also plan to ask to meet and confer with Mr. Yang's wife regarding the subpoena they issued to her last year, which she objected to.

**Defendants' Discovery:** In Plaintiff's April 7, 2021 letter to the Court, Plaintiff sought to compel Defendants to produce documents, answer interrogatories, correct responses to requests for admission, and designate witnesses on Rule 30(b)(6) topics. Dkt. No. 54. The parties have since met and conferred, but have been unable to resolve all disputes. Specifically, on April 8, April 13, April 16, and April 20, Plaintiff requested that Defendants provide their positions on these issues and make themselves available to meet and confer. On April 22, Defendants agreed to meet and confer on May 3. The parties met and conferred on May 3. Also on May 3 (after the meet and confer began), Defendants sent Plaintiff a letter, which in Defendants' view, provides proposals as to which subjects of discovery they would be willing to provide a substantive interrogatory response or deposition testimony in lieu of burdensome document discovery.[2] It is Plaintiff's

---

[2] At the Status Conference, the Court asked the parties to consider whether Defendants may provide interrogatory responses or Rule 30(b)(6) witnesses in lieu of documents for any categories in dispute.

position that Defendants' offer to provide "information" and "fact witnesses" on certain partial topics is inadequate. On May 6, Plaintiff advised that there remain many areas of disagreement, and requested to meet and confer the next day. Defendants were not available today but remain willing to meet and confer again. Plaintiff has requested another meet and confer next week.

It is Plaintiff's position that Defendants are refusing to produce, in whole or in part, several categories of documents in response to Plaintiff's document requests (Nos. 2-22), including regarding: (i) Mr. Yang's reporting of concerns to in-house counsel and management about the legality of Defendants' asset management practices (No. 14); (ii) Alcentra's performance and the value of Mr. Yang's deferred compensation (Nos. 6 & 23); (iii) the 2017 and 2018 performance ratings and compensation of other Alcentra employees showing disparate treatment (No. 9); (iv) Defendants' practices in enforcing the company policies at issue and treatment of similarly-situated employees (No. 21); and (v) the culture of compliance and management problems at Alcentra (Nos. 14, 16, 17). It is also Plaintiff's position that: (i) Defendants have failed to either supplement their deficient interrogatory responses—which vaguely reference documents produced or to be produced or raise improper relevance or privilege objections—or produce documents sufficient to show the information requested, as described in Dkt. No. 54 at 3 (Nos. 2-22); (ii) Defendants continue to refuse to supplement their deficient requests for admission, which deny, or refuse to deny, requests that Plaintiff knows to be true, as described in Dkt. No. 54 at 3 (Nos. 2-11, 14-15); and (iii) Defendants have refused to designate witnesses on any Rule 30(b)(6) Topics (with one exception (No. 18)) and only offer to make fact witnesses available as to narrowed subsets of the Topics (Nos. 1-16, 19, 20), as described in Dkt. No. 54 at 3. It is Plaintiff's position that these issues are ripe for review and take into account Defendants May 3 letter.

It is Defendants' position that Plaintiff's articulation of these issues is not factually accurate and that none of these issues are ripe for review, as Plaintiff's position does not take into consideration the proposals made by Defendants in their May 3 letter.

### D. Deposition Plans

**Plaintiff's List:** Based on Defendants' production to date, Plaintiff currently expects to depose: David Forbes-Nixon (Alcentra's former CEO), Vijay Rajguru (Alcentra's former CIO), Daniel Fabian (Alcentra's former CFO), Peter Sullivan (BNY Mellon's Counsel), and Steven Levinson (Alcentra's Compliance Officer).[3] Defendants object to Plaintiff's deposition of Peter Sullivan on privilege grounds.

**Defendants' List:** Defendants expect to depose: John "Jack" Yang (Plaintiff) and third parties Joyce Yang (Plaintiff's wife), Mark Okada (Plaintiff's colleague at his new place of employment), and Trey Parker (same). Plaintiff objects to the depositions of (or other requests for discovery from) his wife and new work colleagues.

Both parties reserve their rights to object to any of these depositions and to amend and/or supplement this list as discovery progresses. The parties agree to hold depositions after the

---

[3] In March, Plaintiff requested that Defendants confirm which, if any, of these and other potential witnesses (who are former or current employees) Defendants represent. This week, Defendants confirmed a partial list, and Plaintiff reserves the right to issue subpoenas depending on Defendants' response.

parties' document productions are substantially complete and privilege logs are exchanged.

      Thank you for Your Honor's consideration of this joint letter.

Respectfully submitted,

| | |
|---|---|
| */s/ Manisha M. Sheth* | *W. John Lee* |
| Manisha M. Sheth | W. John Lee |
| Quinn Emanuel Urquhart & Sullivan, LLP | Morgan, Lewis & Bockius LLP |
| *Counsel to Plaintiff* | *Counsel to Defendants* |

cc:    Counsel of Record for the Parties